Cabell, P.
delivered the opinion of the Court.
The question presented by the record in this case, is, whether the clerk of this Court, when acting as clerk of a Special court of appeals, constituted under the act of the 15th of March 1832, is entitled to demand from the State, for any services which he may render in such Special court, any other compensation than the annual allowance which shall be made to him by the Judges of this Court, as clerk of the Court of appeals.
The decision of this question will depend on the sound construction of the acts of assembly on this subject.
By the 4th section of the act, entitled “ an act to amend the act,- entitled ‘ an act for reducing into one the several acts concerning the Court of appeals and Special courts of appeals,’ ” Supp. Rev. Code 121, it is declared, that “the Judges of the Courts of appeals, held at Richmond and at Lewisburg, shall make such allowance to the clerks of the said Courts, as may be deemed reasonable, provided the same shall not exceed one thousand dollars for each clerk for any one year, in lieu of any other compensation from the State.”
By the 2d section of the act of the 15th of March 1832, referred to above, entitled “ an act providing for Special courts of appeals,” Supp. Rev. Code 123, it is enacted, that “ the clerk of the Court of appeals, for the time being, at Richmond or Lewisburg, as the case may be, shall attend all such Special courts, with the records in the causes to such Courts committed, and enter the proceedings of all such Special courts, in the order book of the Court of appeals of which he is clerk.” But the act is silent as to any compensation for the services of the clerk. It goes on, however, to declare, that “such Special court shall be attended by the like officers with the Court of appeals, who shall receive the like compensation as they would do in the said Court.” It farther provides that the Judges attend *531 ing such Court, whether Judges of the General court summoned to attend the Special court, or Judges of the Court of appeals not interested or disqualified to sit therein, shall he allowed for their attendance five dollars per day, and also their travelling expenses, at the rate of four dollars for every twenty miles.
It is thus seen, that while compensation is expressly given to the Judges, and all the officers attending the Special courts, except the clerk, no provision is made for him. To what are we to attribute this exclusion of the clerk ? It could hardly have proceeded from inadvertence ; for the case of the clerk was at the moment, as fully within the view of the Legislature, as that of the Judges and other officers. It could not have proceeded from the belief that the case of the clerk was provided for by the former laws, and therefore not necessary to be acted on in the law then under consideration ; for no former law had ever provided, expressly, for compensating the clerk for his attendance on Special courts of appeals; whereas the former law did expressly provide for compensating the Judges and other officers attending such Courts. The section of the act of 1832, now under consideration, is an exact and literal transcript of the 6th section of the act of 1818, (Rev. Code 191,) except as to the amount paid to the Judges for their travelling expenses. It is also worthy of remark, that the duties which the clerk is directed to perform iii the Special courts in causes submitted to them, are nothing more nor less than the very services which he would have had to perform in the same causes in the Court of appeals, if they had not been transferred to the Special court; for which services, had the cases continued in the Court of appeals, the clerk would have received no other compensation from the State, except the annual allowance made to him by the Court of appeals. It is true that this remark, as to the duties to be performed, is also applicable *532 to those Judges of the Court of appeals, not interested or otherwise disqualified to sit in the said causes; to whom, nevertheless, extra compensation was made. But it was competent to the Legislature, for reasons appearing sufficient to them, to discriminate between the Judges and the clerk; and they have made such discrimination, by explicitly making compensation to the Judges, while none is made to the clerk. This would not have been done, if compensation had been intended for both.
It has been contended that the claim of the Clerk to extra compensation is strengthened by the clause in the second section of the act of the 15th March 1832, which declares that the “ Special courts shall be attended by the like officers with the Court of appeals, who shall receive the like compensation as they now do in the said Court.” But that clause cannot, by any principle of sound construction, be made to extend to the case of the clerk. He had already been expressly directed, by the clause immediately preceding, to attend the said Special court, and his duties, there, had been particularly prescribed. The terms in the clause relied upon, “ such Special courts shall be attended by the like officers, &c., who shall receive,” &c., related to the other officers attending the Special court of appeals, namely, the crier and tipstaff, and not the clerk.
Much light will be thrown upon the intention or opinion of the Legislature upon this subject, by observing what was done in the act of the 31st March 1848, which directs a Special court of appeals to be held annually, in the City of Richmond, by the five senior Judges of the General court, for the purpose of deciding seventy of the causes which have been depending in the Court of appeals, for more than two years, without having been decided. This Court must necessarily sit for many months in the year. The law provides an extra compensation to the Judges, in addition to their *533 salaries as Judges of the General court. It directs them to appoint a crier and tipstaff, and to allow them a reasonable compensation. It also directs that the clerk of the Court of appeals, shall in person or by deputy, attend such Special court, with the records and papers in the causes which it is to hear and determine, and enter the proceedings of such Special court, &c., duties precisely similar to those which he is directed to perform in Special courts of appeals constituted under the former laws; but it is perfectly silent as to any compensation to the clerk, by the State, for such services, while it expressly authorizes him to charge the parties with like fees as if the proceedings were had in the Court of appeals. It is manifest, therefore, that the Legislature did not intend any extra compensation to the clerk from the State. Now, can it be believed that if the Legislature had thought the clerk entitled to extra compensation for the comparatively trivial services rendered in the Special courts of appeals, which were occasionally, but very rarely, convened under former laws, and which usually sat only a few days, they would have withheld from him such compensation for the onerous and long continued duties which he has to perform in this newly established and more permanent Special court.
This Court is of opinion, that the omission in the act of 1832, to provide an extra compensation to the clerk of the Court of appeals, for services in Special courts constituted under the former laws, was the result of deliberate intention on the part of the Legislature, founded on the conception that he was already sufficiently compensated, by the annual allowance made to him by the Court of appeals.
The Court is of opinion to affirm the decree.
Brooke and Allen. J’s, dissented.